UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL FINERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.  4:03CV759 FRB |
| ) | |
| MICHAEL MURPHY,[1] ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Missouri state prisoner Michael Finerson's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

On February 18, 2000, petitioner plead guilty in the Circuit Court of St. Louis County, Missouri, to one count of Burglary Second Degree and one count of Stealing Over $750.00. Petitioner was sentenced that same date as a persistent offender to two concurrent terms of twelve years' imprisonment. Petitioner did not appeal his conviction or sentence. On January 17, 2002, petitioner filed a "Motion to Correct a Manifest Injustice Pursuant

---

[1]Petitioner is currently incarcerated at Tipton Correctional Center (TCC) in Tipton, Missouri. Inasmuch as Jill McGuire, Superintendent at TCC, is petitioner's custodian, she should be substituted for Michael Murphy as proper party respondent. Rule 2(a), Rules Governing Section 2254 Cases in United States District Courts.

to Supreme Court Rule 29.07(d)" which was denied by the trial court without a hearing on April 22, 2002.  The Missouri Court of Appeals affirmed the trial court's determination on January 21, 2003.  On March 20, 2003, the court of appeals denied petitioner's Motion for Rehearing and/or Transfer to the Supreme Court; and on May 27, 2003, the Missouri Supreme Court denied petitioner's Application to Transfer.  The instant petition, signed and verified by petitioner on June 4, 2003, was received by this Court on June 6, 2003.[2]

In the instant petition, petitioner contends that his guilty plea was unknowing and involuntary and was made without knowledge of the consequences thereof in that the State engaged in misconduct by improperly using petitioner's prior Stealing offense to enhance his sentence.  In response, respondent contends that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1).

The Antiterrorism and Effective Death Penalty Act (AEDPA) enacted on April 24, 1996, added language to 28 U.S.C. § 2244 imposing a one-year limitation period for filing federal habeas petitions.  In accordance with the AEDPA, § 2244(d)(1) requires petitions filed by prisoners challenging non-capital state convictions or sentences to be filed within one year of the latest of the date on which:  (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct

---

[2]According petitioner the benefit of the prison mailbox rule, see generally Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999), the undersigned considers the instant petition to have been filed June 4, 2003, the date on which such petition was verified by petitioner.

review; (B) an impediment to filing an application created by an unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence.

The time during which a properly filed application for post-conviction or other collateral review is pending in state court is excluded from the AEDPA's one-year limitations period. 28 U.S.C. § 2244(d)(2). For an application for collateral relief to toll the one-year limitations period under the AEDPA, however, such application must be filed *prior* to the expiration of the limitations period, regardless of whether state law provides time beyond this federal limitations period within which to file such state applications. <u>Curtiss v. Mount Pleasant Correctional Facility</u>, 338 F.3d 851, 853 (8th Cir.), <u>cert. denied</u>, ___ U.S. ___, 124 S. Ct. 837 (2003). The tolling provision does not revive a limitations period which has otherwise expired. <u>See</u> <u>Rashid v. Khulmann</u>, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Under § 2244(d)(1)(A), a federal habeas petition is timely if filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" The Eighth Circuit has determined that such finality occurs upon either:

> (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998).

The time for seeking direct review of petitioner's judgment of conviction expired February 28, 2000, ten days after the entry of the judgment of conviction. See State v. Bain, 982 S.W.2d 706, 707 (Mo. Ct. App. 1998) (per curiam); Missouri Supreme Court Rule 30.01(a), (d). Because petitioner did not seek any direct appellate review of his conviction and sentence in the cause, his judgment of conviction became final on February 28, 2000. As such, under § 2244(d)(1)(A), petitioner had not later than February 28, 2001, by which to file an application for writ of habeas corpus in federal court under 28 U.S.C. § 2254. Petitioner did not submit the instant petition for writ of habeas corpus until June 2003, over three years after petitioner's conviction became final.

The time during which a properly filed application for post-conviction or other collateral review is pending in state court is excluded from the one-year limitations period. 28 U.S.C. § 2244(d)(2). Therefore, the limitations period would be tolled if during that time petitioner filed an application for collateral review in state court. Curtiss, 338 F.3d at 853. To the extent it

may be argued that petitioner's Rule 29.07(d) post-conviction motion was a properly filed application for collateral review, and thus would otherwise trigger the tolling provision of § 2244(d)(2), petitioner did not pursue such remedy until January 2002 -- nearly eleven months after the expiration of the one-year limitations period for filing a federal habeas petition. Inasmuch as the one-year period within which to file a federal habeas petition had already expired, the filing and subsequent pendency of petitioner's post-conviction motion in state court does not toll the period of limitations. Gray v. Gammon, 283 F.3d 917, 918 (8th Cir. 2002) (per curiam).

In this cause, petitioner's judgment of conviction became final on February 28, 2000. According petitioner the one-year limitations period, the time within which petitioner could file a federal habeas petition expired February 28, 2001, one year after his judgment of conviction became final. Petitioner's application for collateral relief by way of post-conviction motion was filed in January 2002. Because petitioner did not seek collateral relief before the expiration of the applicable one-year limitations period under § 2244(d)(1)(A), the tolling provision of § 2244(d)(2) does not apply in this circumstance. Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001). Accordingly, the petition is untimely filed under the provisions of § 2241(d)(1)(A).

Petitioner does not argue, nor has he shown, that "extraordinary circumstances" made it impossible for him to timely

- 5 -

file the instant petition. As such, equitable tolling is not justified in this cause. See Gray, 283 F.3d at 918; Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Jill McGuire, Superintendent at Tipton Correctional Center, be substituted in this cause for Michael Murphy as proper party respondent.

**IT IS FURTHER ORDERED** that petitioner Michael Finerson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 4) be dismissed without further proceedings for the reason that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner Michael Finerson's Motion for Summary Judgment (Docket No. 14) is denied as moot.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this cause inasmuch as petitioner has failed to make a substantial showing that he has been denied a constitutional right.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this  _1st_  day of August, 2005.